IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONALD GRANT, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | NO. _____ |
| QUEST GLOBAL, INC., ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW the Plaintiff Ronald Grant ("Grant" or "Plaintiff"), by and through undersigned counsel, and files this Complaint showing the Court as follows:

1.

Plaintiff brings this lawsuit against Defendant Quest Global, Inc. ("QGI" or "Defendant") to recover overtime pay, liquidated damages, prejudgment interest, costs, and attorney's fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

## Parties

2.

Plaintiff worked for QGI within this judicial district as a parts clerk beginning in or about October, 2009, and continuing until his employment ended in or about August, 2011 (the "relevant period").

3.

As reflected in the corporate filings contained on the Georgia Secretary of State's website, QGI is a Georgia corporation and may be served with process through its registered agent, David Walker, 131 E. Main St., Canton, GA 30114 (Cherokee County), located within this judicial district.

## Jurisdiction and Venue

4.

Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), this Court has original jurisdiction over the claims set forth in this Complaint which arise under the FLSA.

5.

QGI employed Plaintiff (and employs others) in this judicial district, is registered to transact business in the State of Georgia, and has as its principal

-3-

office address P.O. Box 3096, Cartersville, GA 30120 as reported in its 2011 annual registration with the Georgia Secretary of State.

6.

QGI is an enterprise engaged in commerce or in the production of goods for commerce for purposes of the Fair Labor Standards Act ("FLSA"), having employees engaged in commerce or in the production of goods for commerce, and/or having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and has (and had during the relevant period) annual gross revenues in excess of $500,000.

7.

Plaintiff was an "employee" of QGI entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) & 207(a), and QGI is an "employer" under the FLSA.

8.

Throughout his employment with QGI, Plaintiff was engaged in commerce and/or engaged in the production of goods for commerce during his employment with QGI.

9.

Throughout his employment with QGI, Plaintiff directly participated in the actual movement of persons or things in interstate commerce while working for QGI, which was an instrumentality of interstate commerce, and/or by regularly using the instrumentalities of interstate commerce in her work.

## Facts Related To All Counts

10.

QGI paid Plaintiff by the hour throughout his employment.

11.

Based on his job duties and hourly compensation, Plaintiff was an hourly paid non-exempt employee under the FLSA.

12.

On numerous occasions during the relevant period, QGI suffered or permitted Plaintiff to work more than 40 hours in a work week without receiving overtime compensation at the rate of time-and-a-half his properly calculated regular rate for hours worked over 40 under the FLSA -- i.e., his regular rate inclusive of hourly rate and all other compensation not otherwise excludable under 29 U.S.C. § 207(e) ("regular rate").

13.

As an illustrative but non-exhaustive example, according to a payroll record in Plaintiff's possession, when Plaintiff worked 52.5 hours for the period ending December 18, 2009, QGI paid Plaintiff at only his straight non-overtime hourly rate for that pay period of $18.50 for all 52.5 hours worked, resulting in gross wages paid December 24, 2009 in the amount of $971.25, without payment of any additional premium for overtime hours worked.

14.

Plaintiff complained to his supervisor at QGI during his employment that he was not receiving overtime pay as required by the law, but QGI nonetheless failed to pay Plaintiff the overtime compensation required by the FLSA.

15.

Despite being aware that the maximum hours provisions of the FLSA applied to Plaintiff and required payment of overtime compensation to Plaintiff at time-and-a-half his regular rate for all hours worked over 40 in a work week, and despite having received Plaintiff's complaint within the relevant period regarding failure to pay overtime compensation for hours worked, QGI violated the FLSA by not paying Plaintiff overtime compensation at the rate of time-and-a-half his regular rate for all hours worked over 40 in a work week, and by not paying

liquidated damages for overtime not timely paid in each paycheck for the applicable pay period.

16.

Upon information and belief, QGI has failed to keep all records required by 29 U.S.C. § 211(c) regarding the wages, hours, and other conditions of employment of Plaintiff for the time period required by law.

### Count 1: FLSA

17.

Plaintiff incorporates herein the allegations contained in the preceding paragraphs.

18.

QGI failed to pay Plaintiff the overtime compensation owed to him under, and in the manner required by, the FLSA for all of his hours worked over forty in a work week during the relevant period.

19.

QGI's violations of the FLSA as alleged herein were willful.

20.

Plaintiff is entitled to recover his back overtime pay at the rate of time-and-a-half his regular rate for all hours worked over 40 in a work week, in addition to

an equivalent amount as liquidated damages and prejudgment interest if liquidated damages are not awarded in full, in addition to his attorney's fees and costs, pursuant to 28 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Award Plaintiff his back overtime pay at time-and-a-half his regular rate for all hours worked over 40 in a work week during the relevant period, and an equivalent amount as liquidated damages and prejudgment interest if liquidated damages are not awarded in full;

2. Award Plaintiff his costs and attorney's fees; and

4. Grant such further other and further relief as the Court finds just and proper in this action.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted this 8th day of December, 2011.

*s/ C. Andrew Head*
Georgia Bar No. 341472
Attorneys for Plaintiff
Fried & Bonder, LLC
White Provision, Ste. 305
1170 Howell Mill Rd, NW
Atlanta, Georgia 30318
(404) 995-8808
(404) 995-8899(facsimile)
Email: ahead@friedbonder.com

-8-